## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DAVID STINECIPHER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2434 |
| | : | | |
| v. | : | Document No.: | 3 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM ORDER

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

The plaintiff, appearing *pro se*, alleges that the Internal Revenue Service violated various provisions of the Internal Revenue Code, entitling the plaintiff to a refund of all taxes that he paid, damages for those taxes wrongfully collected, and injunctive relief against future tax collection. Though the plaintiff maintains that he is acting individually in this matter, about 55 such complaints have been recently filed in the United States District Court for the District of Columbia.[1] Def.'s Notice of Related Cases (Mar. 9, 2006). Each of these complaints are identical, save for the plaintiffs' names, addresses and a few other slight variations. *Id.*

The defendant now moves to dismiss this complaint arguing that the plaintiff failed to properly serve the United States. Because the plaintiff failed to comply with the service requirements set forth under Federal Rule of Civil Procedure 4(c)(2), the court grants the defendant's motion to dismiss.

---

[1]     The plaintiff filed a response to the government's notice in which he disavows any link between his complaint and the many others filed in the United States District Court for the District of Columbia. Pl.'s Resp. (Apr. 14, 2006).

## II.  ANALYSIS

### A.  Legal Standard for a Rule 12(b)(5) Motion to Dismiss

A party can move the court to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilsaka v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).  Unless the procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant.  *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).

### B.  The Plaintiff Failed to Properly Serve Defendant United States

The plaintiff brings this case against the United States under 26 U.S.C. § 7433, which provides a cause of action for taxpayers claiming that an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title."  26 U.S.C. § 7433.  Under the Federal Rules of Civil Procedure, the United States must receive service from "any person who is not a party and who is at least 18 years of age."  FED. R. CIV. P. 4(c)(2).  The defendant moves to dismiss arguing that the plaintiff himself effected service, rather than utilizing a non-party, and that, therefore, the court lacks jurisdiction.[2]  Def.'s Mot. at 3.  The court agrees.

---

[2]  The *pro se* plaintiff filed an opposition to the defendant's motion to dismiss is titled "Response to Motion to Dismiss."  P.'s Resp. (Apr. 14, 2006).  The plaintiff's opposition does not address the argument that he failed to properly serve the defendant.  *See id.*

Failure to properly serve the United States warrants dismissal. *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366 (D.C. Cir. 1997) (recognizing that dismissal is appropriate if the plaintiff fails to properly serve the defendant); *Light*, 816 F.2d at 751. Here, the plaintiff himself signed the notice of service. Return of Service (Dec. 14, 2005). This certification of service indicates that the plaintiff served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. FED. R. CIV. P. 4(i) (setting forth specific requirements for service on the United States, including service by registered or certified mail). Because Rule 4(c)(i) requires that service be effected by "any person who is not a party," and because the plaintiff himself has effected service, the plaintiff has failed to comply with the Federal Rule. 4B FED. PRAC. & PRO. § 1106 (noting that service on the United States "should be accomplished by one of the persons authorized to make service by Rule 4(c)(2)"); *see also Lindsey v. United States*, 448 F. Supp. 2d 37 (D.D.C. 2006). In such an instance, the Federal Rules require that the court dismiss this case. FED. R. CIV. P. 4(m) (stating that "[f]ailure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint").

Accordingly, it is this 27th day of November, 2006,

**ORDERED** that the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED**.


RICARDO M. URBINA
United States District Judge